**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JALEN SHROPSHIRE,

 Petitioner,

v.              Case No. 3:16-cv-658-J-32JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et. al.,

 Respondents.

**ORDER**

**I. Status**

Petitioner, Jalen Shropshire, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on May 26, 2016.[1] Petitioner challenges a 2007 state court (Duval County, Florida) conviction for second degree murder for which he is currently serving a twenty-five-year term of incarceration. Doc. 1 at 1.

Petitioner raises the following two grounds for relief: (1) sections 782.04(1)(a), and 775.087, Florida Statutes, are unconstitutionally vague; and (2) newly discovered evidence of a material witness. Doc. 1 at 5-11. Respondents assert that the Petition is untimely filed and request dismissal of this case with prejudice. See Motion to Dismiss

---

[1]The Petition does not contain a prison stamp, nor does it contain a certificate of service. See Doc. 1. Thus, the Court recognizes the file date as the date the Clerk filed the Petition on the Court's docket.

(Doc. 15) (Resp.).[2]  Petitioner filed a Reply.  See Petitioner's Response to Department's Motion to Dismiss (Doc. 17).  This case is ripe for review.[3]

## II.  One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Attached to the Response are several exhibits.  The Court cites to the exhibits as "Resp. Ex."

[3] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."  Id.  The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling.  Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006).  Thus, an evidentiary hearing will not be conducted.

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

On April 2, 2007, Petitioner entered a negotiated plea of guilty to second degree murder. See Resp. Ex. D at 63-64. That same day, the trial court sentenced Petitioner in conformance with his negotiated disposition to a twenty-five-year term of incarceration with a twenty-year minimum mandatory. Id. at 65-70. Petitioner did not seek a direct appeal of his judgment and sentence; thus, his judgment and sentence became final upon the expiration of the time to file a notice of appeal, Wednesday, May 2, 2007. The AEDPA one-year limitations period began to run the next day, May 3, 2007.

On November 9, 2007, day 190 of his one-year limitations period, Petitioner filed his first Florida Rule of Criminal Procedure 3.850 motion for postconviction relief,

tolling the one-year period.[4] Resp. Ex. E at 1-3. The trial court denied the Rule 3.850 motion on November 20, 2007 (Resp. Ex. E at 4-18), and the First District Court of Appeal issued its mandate affirming the trial court's denial on August 5, 2008 (Resp. Ex. H). Petitioner's one-year period recommenced the next day, August 6, 2008.[5]

On November 19, 2008, day 295 of Petitioner's one-year period, Petitioner's federal statute of limitations was again tolled when Petitioner filed a second Rule 3.850 motion. Resp. Ex. I; see Weekly v. Moore, 244 F.3d 874, 876 (11th Cir. 2001) (finding successive, but timely, state court postconviction motions constitute properly filed applications for tolling purposes). The trial court entered an order striking Petitioner's second Rule 3.850 motion as successive on December 2, 2008.[6] Resp. Ex.

---

[4] Respondents calculate that Petitioner filed his Rule 3.850 motion on day 191 of his one-year. Resp. at 6. The Court infers that Respondents reached this calculation because they believe Petitioner's one-year started on May 2, 2007. However, when calculating a period of time that is stated in days or a longer unit, courts should exclude the day of the event that triggers the period. See Fed. R. Civ. P. 6(a)(1).

[5] Respondents contention that Petitioner's one-year recommenced fifteen days after the First District Court of Appeal issued its opinion affirming denial of postconviction relief is incorrect. Resp. at 6; see King v. Sec'y, Fla. Dept. of Corr., No. 16-14160-F, 2017 WL 6760186, *1 (11th Cir. Jan. 5, 2017) (holding federal one-year period is tolled upon properly filed postconviction motion and remains tolled until the appellate court issues its mandate).

[6] Respondents erroneously state that the trial court rendered its order striking Petitioner's second Rule 3.850 motion on December 1, 2008. Resp. at 2. However, according to Florida Rule of Appellate Procedure 9.020(i), "[a]n order is rendered when a signed, written order is filed with the clerk of the lower tribunal." The trial court's order was filed with the clerk, and thus rendered, on December 2, 2008. See State v. Shropshire, No. 16-2006-CF-524-AXXX-MA (Fla. 4th Cir. Ct.).

J. Petitioner did not file a timely notice of appeal.[7] Thus, Petitioner's one-year recommenced when the time for filing a timely notice of appeal expired, January 2, 2009,[8] and ran another seventy days before it expired on March 16, 2009.[9] Petitioner filed this Petition over seven years later. See Doc. 1.

After the expiration of this federal limitation period, Petitioner filed approximately seven motions seeking postconviction relief.[10] See Resp. Exs. M; O at 1-13; U; V; W; X; B-2 at 14-33. Because there was no time left to toll, however, Petitioner's motions for postconviction relief did not toll the federal one-year limitations period. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating where a state prisoner files postconviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because

---

[7] A review of the trial court docket reveals that Petitioner filed a motion for rehearing, per the mailbox rule, on December 19, 2008, and it is unclear if the trial court disposed of the motion. See Shropshire, 2006-CF-524-AXXX-MA. Nevertheless, the motion for rehearing did not toll the time for filing a notice of appeal because the motion for rehearing was untimely filed. Specifically, the trial court's order was served on December 2, 2008, (Resp. Ex. J at 3) and Petitioner filed his motion for rehearing more than fifteen days later. See Fla. R. Crim. P. 3.850(g) (2008) ("movant may file a motion for rehearing of any order denying a motion under this rule within 15 days of the date of the service of the order."); see also Smartmays v. State, 937 So.2d 712, 713 (Fla. 5th DCA 2006) (holding untimely motion for rehearing of order denying postconviction relief did not toll thirty days to file notice of appeal).

[8] The thirtieth day landed on a holiday; thus, Petitioner had until the next day to file a notice of appeal.

[9] The last day fell on a Saturday, so the period continued to run until the following Monday. See Fed. R. Civ. P. 6(1)(C).

[10] Respondents provide a detailed summary of Petitioner's postconviction history. See Resp. at 2-5.

"once a deadline has expired, there is nothing left to toll"); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition like [the petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Thus, the Court finds that the Petition is untimely filed.

Petitioner does not argue that he is entitled to equitable tolling, and after a thorough review of the record, the Court finds neither extraordinary circumstances nor due diligence to justify the rare remedy of equitable tolling. Further, in his Reply, Petitioner acknowledges that Ground One of his Petition is untimely. See Doc. 17 at 9. Petitioner, however, attempts to overcome the procedural bar of Ground Two by alleging a miscarriage of justice/actual innocence exception. Doc. 17 at 2. "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). To avoid the one-year limitations period based on actual innocence, a petitioner must "present new reliable evidence that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (quotations and citations omitted); see Schlup v. Delo, 513 U.S. 298, 327 (1995) (finding that to make a showing of actual innocence, a petitioner must

show "that it is more likely than not that no reasonable juror would have found [the p]etitioner guilty beyond a reasonable doubt").

Petitioner relies on the underlying allegations of Ground Two and asserts that he is innocent of the offense because he committed it in self-defense. Doc. 17 at 3-9. In support of this claim, Petitioner maintains that he is now aware of a material witness, Mr. Frederick Lodman, who can corroborate that Petitioner was in fear for his life when he killed the victim. Id.; Doc. 1 at 9-11. A review of the record shows that Petitioner raised this claim in an amended Rule 3.850 motion filed in state court, and attached Mr. Lodman's affidavit as supporting evidence. Resp. Ex. W. According to Mr. Lodman's affidavit, the victim was making aggressive threats towards Petitioner when Petitioner shot the victim. Resp. Ex. W at 8.

The Court notes that the Eleventh Circuit Court of Appeals has not yet decided whether Schlup permits a claim of actual innocence based on "new reliable" evidence of an affirmative defense that would deem conduct that underlies the conviction as noncriminal. See Rozelle v. Sec'y Fla. Dep't of Corr., 672 F.3d 1000, 1015 (11th Cir. 2012). Nevertheless, Petitioner cannot show that in light of Mr. Lodman's affidavit, it is more likely than not that a jury would have found him not guilty beyond a reasonable doubt. At Petitioner's plea hearing, the state attorney described a factual basis for the plea. Resp. Ex. D at 51.

> MR. MIZRAHI: Your Honor, the state could prove beyond a reasonable doubt that Mr. Shropshire, on December 28th, 2005, in Jacksonville, Duval County, Florida, did kill Paul Williams with a firearm.

7

> Your Honor, Mr. Williams and Mr. Shropshire got into a previous altercation approximately five days before December 28th. Mr. Shropshire went and bought bullets for a .32 caliber handgun and as Mr. Williams was eating dinner in the lobby of the Sulzbacher center, Mr. Shropshire rode up to him and fired five bullets into his body, killing him.
>
> . . .
>
> Mr. Shropshire admitted what I just said on videotape.

Resp. Ex. D at 51. Petitioner then testified under oath that he was entering his plea of guilty because he was in fact guilty of the offense. Id. at 53. Petitioner's sworn statements directly contradict his current assertion of self-defense, and Mr. Lodman's affidavit is not "new reliable evidence," and it does not satisfy the "actual innocence" exception to the time bar.

## IV. Conclusion

For the forgoing reasons, the Petition is untimely filed and Petitioner has not shown an adequate reason why the dictates of the one-year limitations period should not be imposed upon him.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. Respondents' Motion to Dismiss (Doc. 15) is **GRANTED** and this action is **DISMISSED with prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3. If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[11]

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of December, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Jalen Shropshire, #128966
Michael Brent McDermott, Esq.

---

[11] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.